# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

|  |  |
|---|---|
| | ) Case No.: SACV 23-01807-CJC (ADSx) |
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) PRELIMINARY INJUNCTION AND ORDERS: (1) FREEZING ASSETS; (2) PROHIBITING THE DESTRUCTION OF DOCUMENTS |
| v. | ) |
| ZERA FINANCIAL LLC; LUIS A. ROMERO, aka LUIS A. ROMERO-NAVARETTE, | ) |
| | ) |
| Defendants. | ) |

This matter is now before the Court upon the Securities and Exchange Commission's ("SEC") *ex parte* application for a temporary restraining order and related orders, including an order to show cause why a preliminary injunction should not issue, (Dkt. 3 ["TRO App."].)

The Court, having considered the SEC's Complaint, the TRO Application, the supporting memorandum of points and authorities, the supporting declarations and exhibits, the filing in opposition, and the other evidence and argument presented, finds that:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

B. The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(b), Sections 21(d) and 21(e) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d) and 78u(e), by evidence establishing a *prima facie* case and reasonable likelihood that defendants Zera Financial LLC ("Zera") and Luis A. Romero, also known as Luis A. Romero-Navarette and Luis A. Romero-Navarrete ("Romero") (collectively, the "Defendants"), have engaged in, are engaging in, are about to engage in, and will continue to engage in unless restrained transactions, acts, practices and courses of business that constitute violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

C. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants will dissipate, conceal, or transfer assets which could be the subject of an order directing disgorgement or the payment of civil money penalties in this action.  It is thus appropriate for the Court to issue this Preliminary Injunction and asset freeze to preserve and protect existing assets, and prevent the dissipation of assets.

D. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants may alter or destroy documents relevant to this action.

## I.

IT IS HEREBY ORDERED that a Preliminary Injunction should issue, an asset freeze should be imposed, and all documents and records should be preserved.

## II.

IT IS FURTHER ORDERED that Defendants Zera and Romero and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

A. employing any device, scheme or artifice to defraud;

B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

### III.

IT IS FURTHER ORDERED that Defendants Zera and Romero and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

A.    employing any device, scheme or artifice to defraud;

B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants,

employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

## IV.

IT IS FURTHER ORDERED that Defendants Zera and Romero are preliminarily enjoined from, directly or indirectly, including, but not limited to, through any entity owned or controlled by Zera and/or Romero, participating in the issuance, purchase, offer, or sale of any security.

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property (including but not limited to the real property located at 2 Mile Road, Twenty-Nine Palms, California 92277, San Bernardino County Assessor's Parcel No. 0624-301-34, upon which the SEC may file a *lis pendens* to put the public on notice that real property is subject to this preliminary injunction), wherever located, of any one of the Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of any one of the Defendants or their subsidiaries and affiliates;

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed (or extended) on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, financial institution or brokerage firm, third-payment payment processor, or crypto asset accounts or crypto trading platforms, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants, including but not limited to the accounts listed below:

| ACCOUNT NAME | ACCOUNT HOLDER | ACCOUNT NO./USER ID |
| --- | --- | --- |
| US Bank N.A. | Zera Financial LLC | x9804 |
| Citibank, N.A. | Zera Financial LLC | x4548 |
| Wells Fargo, N.A. | Zera Financial LLC | x5196 |
| Stripe, Inc. | Zera Financial LLC | various |
| Bluevine Inc. | Zera Financial LLC | x9926 |
| NorthOne | Zera Financial LLC | x6087 |
| The Bancorp Bank, N.A. | Zera Financial LLC | unknown |
| Coastal Community Bank | Zera Financial LLC | unknown |
| Bank of America, N.A. | Luis A. Romero | x4323 |
| Citibank, N.A. | Luis A. Romero | x9841 |

| ACCOUNT NAME | ACCOUNT HOLDER | ACCOUNT NO./USER ID |
|---|---|---|
| Orange County's Credit Union | Luis A. Romero | x2823 |
| Varo Bank, N.A. | Luis Romero | x5989 |
| Coinbase, Inc. | Luis Romero | *5488 |
| Foris DAX, Inc. (Crypto.com) | Luis Angel Romero-Navarrete | *0617 |
| Uphold HQ, Inc. | Luis Romero | *bde6 |
| Kraken Digital Asset Exchange | Luis Romero and/or Zera Financial LLC | unknown |
| BingX US Limited | Luis Romero and/or Zera Financial LLC | unknown |
| PayPal, Inc. | Luis Romero and/or Zera Financial LLC | various |
| Venmo | Luis Romero and/or Zera Financial LLC | various |
| PNC Bank N.A. | Luis Romero and/or Zera Financial LLC | x4682 |
| BMO Harris Bank N.A. | Luis Romero and/or Zera Financial LLC | x9804 |

| ACCOUNT NAME | ACCOUNT HOLDER | ACCOUNT NO./USER ID |
|---|---|---|
| Farmers & Merchants Bank Long Beach | Luis Romero and/or Zera Financial LLC | x7774 |
| Middlesex Federal Savings, F.A. | Luis Romero and/or Zera Financial LLC | x0458 |

Any bank, financial institution or brokerage firm, third-party payment processor, or crypto asset account or crypto trading platform holding such monies and assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

**VII.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants.

**VIII.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.


DATED:      October 30, 2023

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE