Stanley C. Morris (State Bar No. 183620)
scm@cormorllp.com
Brian T. Corrigan (State Bar No. 143188)
bcorrigan@cormorllp.com
CORRIGAN & MORRIS LLP
12300 Wilshire Blvd., Suite 210
Los Angeles, California 90025
Telephone: 310.394.2828
Facsimile: 310.394.3825

*Attorneys for Defendant*
*Luis A. Romero*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 8:23-cv-01807-CJC (ADSx) |
| Plaintiff, | **STIPULATION FOR PARTIAL RELIEF FROM THE PRELIMINARY INJUNCTION** |
| v. | |
| ZERA FINANCIAL LLC, LUIS A. ROMERO, aka LUIS A ROMERO-NAVARETTE; LUIS A ROMERO-NAVARRETE, | Hon Cormac J. Carney |
| Defendants | |

**WHEREAS**, Plaintiff United States Securities and Exchange Commission (the "SEC" or "Commission") filed its Complaint in this matter, alleging violations of the antifraud provisions of the federal securities laws by Defendants and the receipt of ill-gotten proceeds of such violations. ECF No. 1.

**WHEREAS**, on September 27, 2023, the Court entered a temporary restraining order, which included, among other things, an asset freeze of Defendants' bank accounts. ECF No. 13.

**WHEREAS**, on October 30, 2023, after notice to Defendants and a hearing, the Court converted the temporary restraining order to a preliminary injunction, ECF No. 28, which provides, in part, as follows:

### IV.

Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property ..., wherever located, of any one of the Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of any one of the Defendants or their subsidiaries and affiliates;

### V.

[T]he asset freeze previously ordered by the Court's September 27,

2023 Temporary Restraining Order, ECF No. 13, shall continue against on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, financial institution or brokerage firm, third-payment payment processor, or crypto asset accounts or crypto trading platforms, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants[.]

**WHEREAS**, Defendant Luis Romero ("Romero") has expressed an intention to obtain employment unrelated to the conduct alleged in the Complaint to provide income for reasonable living expenses and has represented that a condition of such employment is access to a bank account.

**WHEREAS**, Romero intends to enter into an agreement or agreements with the United States of America and/or the Federal Bureau of Investigation, which may require Romero to transfer certain assets, or proceeds from the sale of those assets, to the United States of America and/or the Federal Bureau of Investigation.

**THEREFORE**, Romero and the SEC, through undersigned counsel and subject to the Court's approval, stipulate as follows:

1. The provisions of paragraph V. (enjoining the sale or transfer of real or personal property) and paragraph VI. (freezing monies and assets held in any bank, financial institution, crypto asset account, or crypto trading platform) of the preliminary injunction entered by the Court on October 30, 2023, shall not apply to a bank account opened by Romero after April 24, 2024, provided the account is funded solely with wages earned after April 24, 2024, and such wages are not related to or derived from the sale of securities or any conduct alleged in the Complaint.

2. Each month, Romero shall provide the SEC with a statement of all deposits and withdrawals from this account.

3. Notwithstanding the provisions of paragraph V. (enjoining the sale or transfer of real or personal property) and paragraph VI. (freezing monies and assets held in any bank, financial institution, crypto asset account, or crypto trading platform) of the preliminary injunction entered by the Court on October 30, 2023, Romero shall transfer any asset, including crypto assets, to the extent such transfer is necessary to comply with the terms of any agreement with the United States of America or the Federal Bureau of Investigation.

Dated: April 24, 2024          U.S. SECURITIES AND EXCHANGE
                                COMMISSION

                               /s/ *Charles E. Canter*
                               CHARLES E. CANTER
                               *Attorneys for Plaintiff U.S. Securities and Exchange Commission*

Dated: April 24, 2024          CORRIGAN & MORRIS, LLP

                               /s/ *Stanley C. Morris*
                               Stanley C. Morris
                               *Attorney for Defendant Luis Romero*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2024 I caused the foregoing to be served via the Court's Electronic Case Filing (ECF) system on all parties registered for CM/ECF in the above-captioned action.

/s/ Stanley C. Morris
*Counsel for Luis Romero*
